WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Bishop,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Bullhead City, et al.,<br><br>　　　　　Defendants. | No. CV-16-08142-PCT-ESW<br><br>**ORDER** |

At issue is *pro se* Plaintiff Ernest Bishop's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court finds that Plaintiff does not have sufficient means to pay the Court's fees and will grant the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure and fails to state a cause of action. The Court therefore dismisses the Complaint (Doc. 1) without prejudice and grants Plaintiff leave to file a First Amended Complaint consistent with the findings of the Court set forth herein.

### I. LEGAL STANDARDS

**A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b)(1)–(2). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**B. Subject Matter Jurisdiction and Pleading in Federal Court**

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different

states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

Plaintiff's Complaint form names Bullhead City as a Defendant. Plaintiff attaches to the form a series of sworn letters. Plaintiff alleges in the first letter (Doc. 1 at 2-5) that he has been paying rent for seven years on a "dead man house" in Bullhead City and wants his money back. Plaintiff alleges that he is being threatened by family, has HIV, and wants money from this lawsuit to go to his children. Plaintiff alleges that Bullhead City has "close the college on me where I can't use computer today closes pain clinic where I can't get my pain pills for my H.I.V. and neck and back pain, shout [sic] down computer at Southwest Behavior where I can't seem [sic] out Email to any F.B.I., D.E.A. home Land sercuity [sic] or put in any other complaints against Bullhead City AZ." In the second sworn letter attached to the Complaint form (Doc. 1 at 6-9), Plaintiff alleges that Bridget Wicks, a Nurse Practitioner at the Guidance Center in Flagstaff, Arizona, conducted an STD test on Plaintiff's blood despite his statement that he did not want to be tested. He alleges that Ms. Wicks violated his civil rights in doing so. Plaintiff further alleges that people are harassing him by saying he has HIV. In the third sworn letter (Doc. 1 at 9), Plaintiff requests the appointment of counsel. In the fourth unsworn letter (Doc. 1 at 10), Plaintiff alleges that an order of protection has been issued against Plaintiff at his address that indicates Plaintiff is a threat. Plaintiff asserts that the order means he can be killed by the police, and Plaintiff has notified the CIA, FBI, state and local authorities of the civil violation and crimes perpetrated against him. In the fifth unsworn document dated June 3, 2016 attached to the Complaint form (Doc. 1 at 11-12),

Plaintiff states that an order of protection was served against him at his home in Bullhead City. The police required him to pack his belongings and leave. Finally, Plaintiff has attached multiple documents from Sonora Quest Laboratories, a letter from the National Association for the Advancement of Colored People, a letter from the Arizona Department of Health Services, and copies of court papers from the Bullhead City Municipal Court in different case numbers (Doc. 1 at 13-22).

Liberally construing the disjointed information presented to the Court, the Court assumes that Plaintiff attempts to bring a claim against Bullhead City under 42 U.S.C. § 1983 for a violation of Plaintiff's civil rights. To prevail in a 42 U.S.C. § 1983 claim, a plaintiff must show that (1) acts by the defendant (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976). Determining whether an entity is subject to suit under § 1983 is the "same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). For a court to answer this question in the affirmative, a plaintiff must show that two requirements are met: (1) the deprivation to the plaintiff by the entity "must result from a governmental policy," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id.* Municipalities and other local governmental entities may be sued under 42 U.S.C. § 1983 for the acts of their officials only if a plaintiff can prove that the constitutional deprivation was the result of a custom or policy of the governmental entity. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-691 (1978). A local government cannot be held liable for the acts of its

employees under the theory of *respondeat superior*. *Bd. Of County Comm'rs of Bryan County Okla. v. Brown*, 520 U.S. 397, 403 (1997). Simply because a municipality employs a wrong-doing official does not create liability on behalf of the municipality.

Here, the allegations in the Complaint do not meet the requirements of § 1983. The Complaint contains no allegations that the procedures used by Ms. Wicks are part of a governmental policy. Nor is sufficient information alleged for the Court to conclude that Ms. Wicks is a governmental actor. Finally, Plaintiff does not indicate what policy or custom Bullhead City has adopted and in what way Bullhead City has deprived Plaintiff of his civil rights. Accordingly, Plaintiff fails to allege a state action sufficient to raise a § 1983 claim. *See Sutton,* 192 F. 3d at 836-43.

The Court cannot discern any other federal claim based on Plaintiff's Complaint. The Court also does not find that the Complaint alleges any state law claim relying on diversity jurisdiction. Plaintiff has not alleged that his claim involves a controversy between citizens of different states. Rather, he only alleges that he lives in Arizona and that the incidents took place in Arizona.

In conclusion, Plaintiff's claim fails because he does not allege facts sufficient for the Court to find that it has subject matter jurisdiction over his claim. Nor has Plaintiff stated a claim against the named Defendant for which relief may be granted. Therefore, the Complaint will be dismissed.

### III. LEAVE TO AMEND

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised

in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 377.  Plaintiff must repeat this process for each person or entity he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must also allege subject matter jurisdiction by either showing his claim involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000, or a question of federal law, identifying the specific claim and what statute applies, if any. Plaintiff may only amend his Complaint to allege a § 1983 claim if he can allege facts showing state action.

**IV. POSSIBLE DISMISSAL**

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**V. MOTION TO APPOINT COUNSEL**

Plaintiff requests the appointment of counsel.  There is no constitutional right to the appointment of counsel in a civil case.  *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  "However, a court may under 'exceptional circumstances' appoint

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). *See also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. The Court will deny the Motion to Appoint Counsel. Plaintiff has not demonstrated a likelihood of success on the merits, nor is he unable to present his arguments to the Court.

## VI. CONCLUSION

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with permission to file a First Amended Complaint no later than September 25, 2016.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint by September 25, 2016, the Clerk shall dismiss this action with prejudice without further Order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, he shall not serve it on Defendant until and unless the Court screens the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). If and when the Court gives Plaintiff leave to serve a First Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Appoint Counsel contained in his Complaint.

Dated this 26th day of August, 2016.

_____
Eileen S. Willett
United States Magistrate Judge